WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Paterno C. Jurani, Esq.
Nevada Bar No. 8136
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
pjurani@wrightlegal.net
*Attorneys for Plaintiff/Counter-Defendant, Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP SECURITIZATION TRUST, SERIES 2014-2,<br><br>Plaintiff,<br>vs.<br><br>SATICOY BAY LLC SERIES 206 VALERIAN; CINNAMON RIDGE COMMUNITY ASSOCIATION; and NEVADA ASSOCIATION SERVICES, INC.,<br><br>Defendants. | Case No.: 2:17-CV-00460-JAD-NJK<br><br>**STIPULATION AND ORDER TO DISMISS REMAINING CLAIMS WITHOUT PREJUDICE AND FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FRCP 54(b)**<br><br>ECF No. 78 |

COME NOW Plaintiff/Counter-Defendant, Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2 ("Wilmington Trust"), Defendant/Counterclaimant, Saticoy Bay LLC Series 206 Valerian ("Saticoy Bay"), and Defendant, Cinnamon Ridge Community Association ("Cinnamon Ridge" or the "HOA") (individually, a "Party," and collectively, the "Parties"), by and through their attorneys of record, and hereby stipulate and agree as follows:

**WHEREAS:**

1. The instant action is primarily one for Quiet Title and Declaratory Relief related to real property commonly known as 206 Valerian Street, Henderson, Nevada 89015; APN: 179-16-217-025 (the "Property"), which was purportedly purchased by Defendant, Saticoy Bay

LLC Series 206 Valerian ("Saticoy Bay") at a homeowners association lien foreclosure sale on August 1, 2014 (the "HOA Sale").

2. The Property lies within the boundaries of a common-interest community governed by Cinnamon Ridge Community Association.

3. Pursuant to Wilmington Trust's Amended Complaint filed on January 11, 2019 [ECF No. 31], Wilmington Trust alleges that the HOA Sale did not serve to extinguish its security interest in the Property for various reasons or, in the alternative, the HOA Sale was void and ineffective.

4. Pursuant to Saticoy Bay's Answer to Amended Complaint and Counterclaim filed on May 24, 2019 [ECF No. 51], Saticoy Bay asserts that the HOA Sale served to extinguish any and all security interests that may have then existed against the Property, including a deed of trust owned by Wilmington Trust.

5. In addition to its claims against Saticoy Bay for Quiet Title/Declaratory Relief and other claims, Wilmington Trust also alleged claims against Cinnamon Ridge for Quiet Title/Declaratory Relief, Unjust Enrichment, Wrongful/Defective Foreclosure, Negligence, Negligence Per Se, Breach of Contract, Misrepresentation, and Breach of Good Faith and Fair Dealing.

6. On February 4, 2019, Saticoy Bay filed a Motion to Dismiss Amended Complaint [ECF No. 35]. On February 19, 2019, Cinnamon Ridge filed a Motion to Dismiss [ECF No. 39].

7. On May 23, 2019, Wilmington Trust filed a Motion for Summary Judgment [ECF No. 49]. On May 24, 2019, Cinnamon Ridge filed a Motion for Summary Judgment [ECF No. 50]. Also on May 24, 2019, Saticoy Bay filed a Motion for Summary Judgment [ECF No. 52].

8. On September 26, 2019, the Court entered its Order Granting in Part and Denying in Part Motions for Summary Judgment and to Dismiss [ECF No. 70]. The Court granted summary judgment in favor of Wilmington Trust on its and Saticoy Bay's quiet title claim, and declared that the deed of trust survived the HOA Sale. Further, the Court dismissed

Stipulation and Order to Dismiss Remaining Claims Without Prejudice and for Entry of Final Judgment Pursuant to FRCP 54(b); 2:17-CV-00460-JAD-NJK

Page 2

Wilmington Trust's claims for Negligence, Negligence Per Se, and Misrepresentation against Cinnamon Ridge. The Court also ordered a settlement conference as to Wilmington Trust's Unjust Enrichment claim against Saticoy Bay and Cinnamon Ridge, and its claims against Cinnamon Ridge for Breach of Contract and Breach of Good Faith and Fair Dealing.

**9.** On September 27, 2019, the Court entered its Order setting a settlement conference for December 3, 2019 [ECF No. 71].

**10.** Wilmington Trust, Saticoy Bay, and Cinnamon Ridge believe the remaining claims between them are contingent upon the September 26, 2019, Order Granting in Part and Denying in Part Motions for Summary Judgment and to Dismiss [ECF No. 70], remaining a good and enforceable order.

**11.** Saticoy Bay intends to appeal the Order.

**12.** The Parties desire to avoid the expense of a potentially unnecessary settlement conference on the remaining claims.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that Wilmington Trust's Unjust Enrichment claim against Saticoy Bay and Cinnamon Ridge, and its claims against Cinnamon Ridge for Breach of Contract and Breach of Good Faith and Fair Dealing are hereby dismissed in their entirety **without prejudice**.

**IT IS FURTHER STIPULATED AND AGREED** by the Parties to request that the Court enter an order determining that the September 26, 2019, Order Granting in Part and Denying in Part Motions for Summary Judgment and to Dismiss [ECF No. 70] may be certified as a final appealable Order pursuant to FRCP 54(b).

**IT IS FURTHER STIPULATED AND AGREED** by the Parties that their understanding is that a notice of appeal shall be due pursuant to the rules upon the entry of the Order granting this Stipulation.

**IT IS FURTHER STIPULATED AND AGREED** as follows:

**1.** The period of time commencing **January 11, 2019 (the "Effective Date")** and ending on the Termination Date (as that term is defined in paragraph 4 below), shall not be included in determining the applicability of any statute of limitations, laches, or any other

Stipulation and Order to Dismiss Remaining Claims Without Prejudice and for Entry of Final Judgment Pursuant to FRCP 54(b); 2:17-CV-00460-JAD-NJK

Page 3

defense based on lapse of time in any action or proceeding brought by Wilmington Trust against Cinnamon Ridge with respect to the HOA Sale, the Property, and Wilmington Trust's Amended Complaint, filed on January 11, 2019;

2. Except as is set forth in the preceding paragraph, nothing in this Stipulation shall diminish or affect any defense available to any Party as of the date of this Stipulation, and this Stipulation shall not be deemed to revive any claim, remedy, and/or cause of action, legal or equitable, that is or was already barred as of the Effective Date, nor shall this Stipulation create any new claim, remedy, and/or cause of action, legal or equitable, against any Party hereto. Nothing in this Stipulation, or in the circumstances that gave rise to this Stipulation shall be construed as an acknowledgement by any Party that any claim, remedy, and/or cause of action, legal or equitable, has or has not been barred, or is about to be barred, by the statute of limitations, laches, or other defense based on the lapse of time;

3. This Stipulation shall not operate as an admission of liability by any Party. Neither this Stipulation nor any action taken pursuant to this Stipulation shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any Party;

4. Upon completion of Saticoy Bay's Appeal before the Ninth Circuit Court of Appeals, Wilmington Trust or Cinnamon Ridge may terminate this Stipulation with respect to Wilmington Trust's claims against Cinnamon Ridge for Unjust Enrichment, Breach of Contract and Breach of Good Faith and Fair Dealing on thirty (30) days written notice to counsel for the other Party. The Termination Date shall be either 1) the first business day following thirty (30) days after Wilmington has provided written Notice of Termination pursuant to this paragraph, or 2) the first business day following sixty (60) days after the final order is issued by the Ninth Circuit Court of Appeals on Saticoy Bay's Appeal, whichever occurs first;

5. This Stipulation comprises the entire agreement of the Parties with respect to the tolling of any statute of limitations. This Stipulation may be modified, amended, or supplemented only by a written instrument signed by all of the Parties;

Stipulation and Order to Dismiss Remaining Claims Without Prejudice and for Entry of Final Judgment Pursuant to FRCP 54(b); 2:17-CV-00460-JAD-NJK

Page 4

6. Except as set forth hereinabove, the Parties reserve any and all rights, privileges, claims and defenses under applicable law.

**IT IS FURTHER STIPULATED AND AGREED** that the settlement conference, currently set for December 3, 2019, shall be vacated.

**IT IS SO STIPULATED AND AGREED.**

DATED this 19th day of November, 2019.
WRIGHT, FINLAY & ZAK, LLP

*/s/ Paterno C. Jurani, Esq.*
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Paterno C. Jurani, Esq.
Nevada Bar No. 8136
7785 West Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
*Attorneys for Plaintiff/Counter-Defendant, Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2*

DATED 19th day of November, 2019.
LAW OFFICES OF MICHAEL F. BOHN, ESQ. LTD.

*/s/ Adam R. Trippiedi, Esq.*
Michael F. Bohn, Esq.
Nevada Bar No. 1641
Adam R. Trippiedi, Esq.
Nevada Bar No. 12294
Nikoll Nikci, Esq.
Nevada Bar No. 10699
2260 Corporate Circle, Suite 480
Henderson, Nevada 89074
*Attorneys for Defendant/Counterclaimant, Saticoy Bay LLC Series 206 Valerian*

DATED this 19th day of November, 2019.
LIPSON NEILSON P.C.

*/s/ Amber M. Williams, Esq.*
J. William Ebert, Esq.
Nevada Bar No. 2697
Amber M. Williams, Esq.
Nevada Bar No. 12301
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
*Attorneys for Defendant, Cinnamon Ridge Community Association*

## ORDER

Based on the parties' stipulation [ECF No. 78] and good cause appearing, IT IS SO ORDERED. The settlement conference scheduled for 12/3/2019 is **VACATED.**

IT IS FURTHER ORDERED that **all remaining claims are DISMISSED** without prejudice, each party to bear its own fees and costs.

Stipulation and Order to Dismiss Remaining Claims Without Prejudice and for Entry of Final Judgment Pursuant to FRCP 54(b); 2:17-CV-00460-JAD-NJK

Page 5

And with good cause appearing and no reason to delay, IT IS FURTHER ORDERED that the Clerk of Court is directed to **ENTER FINAL JUDGMENT in favor of Wilmington Trust on the quiet-title claims DECLARING that Saticoy Bay purchased the property at 206 Valerian Street in Henderson, Nevada 89015 subject to the deed of trust dated June 18, 2007, and found in the Clark County Records at document number 20070629-0004928**, and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 19, 2019

Stipulation and Order to Dismiss Remaining Claims Without Prejudice and for Entry of Final Judgment Pursuant to FRCP 54(b); 2:17-CV-00460-JAD-NJK

Page 6